[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12786

Non-Argument Calendar

_____

MICHAEL T. BENNETT,

Plaintiff-Appellant,

*versus*

THE WALT DISNEY COMPANY,
MARVEL ENTERTAINMENT, LLC,

Defendants-Appellees,

MARK MILLAR,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-01504-ELR

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal requires us to consider whether Michael Bennett, proceeding *pro se*, plausibly alleged that Marvel infringed his copyrighted *Owl* books.

The district court dismissed Bennett's complaint for failure to state a plausible claim of copyright infringement. After a careful review of his complaint, we agree. Because Bennett alleged no substantial similarity between Marvel's works and any protectable element of the *Owl* books, we affirm.

**I.**

Because this appeal comes to us from a motion to dismiss, we take the facts as alleged. *See Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024). Michael Bennett is a cartoonist and author of graphic novels. One day, he saw an advertisement from Marvel calling for submissions. He sent Marvel his book *Owl: Unlikely Crusader* (later republished as *Owl: Knight's Quickening*). Marvel then apparently stole his work and used it for two characters discussed

on appeal: Falcon, Captain America's sidekick in various movies, and Vulture, a villain in *Spider-Man: Homecoming*.

Bennett alleges that Marvel based several aspects of its Falcon and Vulture characters on Owl. Falcon has Owl's wings with tanto-blade tips, military garb, bulky collar, dark vest, camo pants, oversized knee pads, boots, and grappling gun. Vulture has Owl's bird-themed respirator mask, fan-powered wings, a suit made from exotic materials, and a similar origin story involving a failed blue-collar business.

Bennett sued Marvel in 2017 for copyright infringement. The district court dismissed that suit, we affirmed, and the Supreme Court denied certiorari.

Bennett then sued Marvel again in 2021. The new complaint, now before us, raises issues from before and after 2017, including several issues that Marvel argues were resolved in the 2017 lawsuit. Marvel filed a motion to dismiss, and the district court granted it. As relevant for this appeal, the district court concluded that (1) neither Falcon nor Vulture was substantially similar to Owl and (2) several of the issues raised in Bennett's complaint were barred by *res judicata*. This appeal followed.

## II.

We review the district court's order granting a motion to dismiss for failure to state a claim *de novo*. *Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.

We limit our analysis to Bennett's claims that Marvel infringed his copyrights in the movies *Captain America: The Winter Soldier*, *The Falcon and the Winter Soldier*, and *Spider-Man: Homecoming*, the only movies cited in Bennett's appeal. *See United States v. Campbell*, 26 F.4th 860, 871 (11th Cir.) ("[I]ssues not raised in the initial brief on appeal are deemed abandoned."), *cert. denied*, 143 S. Ct. 95 (2022). Specifically, we address whether the Marvel characters Falcon and Vulture, as depicted in these movies, infringed on Bennet's Owl character.

Copyright protects original works of authorship from wrongful appropriation. *See* 17 U.S.C. § 102. To establish copyright infringement, Bennett must allege facts which make plausible that (1) he owns a valid copyright and (2) Marvel copied its protectable elements. *See Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1325 (11th Cir. 2012). "A plaintiff may show copying indirectly by demonstrating that the defendants had access to the copyrighted work and that the *protectable* elements of the works are 'substantially similar.'" *Id.* (cleaned up) (emphasis added).

Protectable elements include only the "constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel.*

*Serv. Co.*, 499 U.S. 340 (1991). Thus, copyright does not cover *scenes a faire*, which are "[i]ncidents, characters, or settings that are indispensable or standard in the treatment of a given topic." *Herzog v. Castle Rock Ent.*, 193 F.3d 1241, 1248 (11th Cir. 1999). Moreover, "copyright normally protects the expression of ideas, but not the ideas themselves." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1142 (11th Cir. 2007).

A court can dispose of a copyright case at the motion-to-dismiss stage if all similarities alleged concern unoriginal aspects of the work, since "separat[ing] protectable expression from non-protectable expression is, in reality, a question of law or, at the very least, a mixed question of law and fact." *Intervest Consrt., Inc. v. Canterbury Est. Homes, Inc.*, 554 F.3d 914, 920 (11th Cir. 2008). Neither Falcon nor Vulture is substantially similar to any protectable elements of the Owl. Thus, even assuming Marvel had access to Owl, the district court did not err in dismissing Bennett's complaint.

### A.

Falcon is not substantially similar to the protectable aspects of Owl. Bennett says that Falcon resembles Owl in several ways. First, they both have blade-shaped wings. Second, they both wear blue and grey camouflage clothing and military-style boots. Third, they both use grappling hooks to eliminate opponents. None of these elements are original, and thus none are protectable.

First, winged superheroes are ubiquitous, and the concept of a character with wings goes back at least as far as Icarus. *See* Srijani Ganguly, *10 Best Superheroes Named After Birds, Ranked*, CBR

(Nov. 28, 2020) (including five with wings). As for the shape of the wings, Owl's blade-shaped wings are not original in the copyright sense because they are not meaningfully different from the wings of any other bird-related superhero character—all wings are blade-shaped to some extent.

As for the similarities between Falcon's and Owl's outfits, military outfits are *scenes a faire* in the action and comic book genres. The same goes for grappling guns. *See* Keith Wagstaff, *9 Examples of Improbable Superhero Technology*, TIME (July 16, 2012) ("Grappling [guns] . . . are probably the most ubiquitous piece of technology in comic books today."). Bennett's use of such tropes is not original in the copyright sense.

### B.

Vulture is also not substantially similar to the protectable aspects of Owl. Bennett alleges two main similarities: Vulture and Owl both wear bird-themed respirator masks and have fan-powered wings.

The mask similarities once again concern *scenes a faire* in the superhero and action genres. Owl is not the only character to wear a respirator. *See Memorable Movie Characters of the 2010s,* LIST CHALLENGES (Ant-Man, Bane); Jason Guerrasio, *The 51 greatest movie villains of all time, ranked*, BUSINESS INSIDER (Aug. 19, 2022) (Darth Vader, Immortan Joe). Nor is he the only character to wear a mask themed after his eponymous animal. *See Top 100 Most Popular Superheroes and Villains in Comic Books*, RANKER COMICS (July 3, 2024) (Batman, Wolverine, Black Panther, Hawkeye, Ant-Man,

Wasp, Catwoman). Although Owl's specific Owl-themed mask may be original, the concept of an animal-themed respirator mask is not a protectible element.

As for the fan-powered wings, Bennett raised this issue for the first time on appeal, which is generally disfavored, and no extraordinary circumstance exists which would permit us to address it. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004). Moreover, nothing in Bennett's Owl artwork, as depicted in the operative complaint, reflects the use of a fan as part of Owl's wings.

## IV.

Thus, the district court is **AFFIRMED**.